**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROY VICTOR BOYKO; CARRIE L. BOYKO; RAFAEL ARREDONDO; MARIA R. ARREDONDO; GERALD E. JAMISON; KAREN J. JAMISON; CONSTRUTECH, LLC; YOSSI BOUZAGLO; ADRIANA BOUZAGLO; DANIEL PAUL ATTAWAY; MICHELLE DIANE ATTAWAY; ROBERT J. HERNANDEZ; JULIE R. HERNANDEZ; UDO NIETSCH; BIANCA VOK; DORA LUZ SEPULVEDA; WILLIE MAJOR; RENE Y. MAJOR; ERIK M. DALEY; CARINNE C. DALEY; MARCOS A. BORRERO; ROSA M. BORRERO; JAIME GOMEZ; and BARBARA SOLARES,<br><br>　　　　　　　　　　Plaintiffs,<br>　　v.<br><br>TERVENO, LP; CORNERSTONE COMMUNITIES CORPORATION; CORNERSTONE COMMUNITIES LLC; and UPONOR, INC.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 15cv2088 JM(JLB)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE; REMANDING ACTION TO STATE COURT |

Defendant Uponor, Inc. ("Uponor") moves to dismiss all claims asserted in the Second Amended Compliant ("SAC") and to strike the class action allegations. Plaintiffs oppose both motions. Pursuant to L.R. 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth

below, the court grants in part and denies in part the motion to dismiss, denies the motion to strike, and remands the action to state court.

## BACKGROUND

On September 18, 2015, Defendant Uponor removed Plaintiffs' class action SAC from the San Diego County Superior Court. (Ct. Dkt. 1). Plaintiffs originally filed this construction defect action as a multiparty individual action on December 22, 2014. The SAC, filed in the Superior Court on August 21, 2015, set forth class action allegations for the first time and led to Uponor's removal of the SAC pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. ¶1332(d). Plaintiffs do not challenge the timeliness of removal.

Named Plaintiffs, located in Chula Vista, California in the same development (the "Subject Properties"), are purchasers of residential properties developed, constructed, improved, and/or sold by Defendants Treveno L.P., Cornerstone Communities LLC, and Cornerstone Communities Corporation (collectively "Builders").[1] (SAC ¶¶ 17-19). Defendant Uponor allegedly designed, manufactured, maintained, sold, supplied, and/or installed the PEX piping in Plaintiffs' residences. The Plaintiff class brings class claims against only Uponor. The class is defined as:

> All owners of originally constructed individual dwelling units, other than condominium conversions, in the State of California where the original purchase agreements for the individual dwelling units were signed by the original seller, on or after January 1, 2003, where the residential units had installed, as part of the original construction of their plumbing systems, Cross-linked Polyethylene (also known as "PEX") piping manufactured by Uponor, Inc.

(SAC ¶44).

Plaintiffs allege three claims for relief: (1) violation of the California Right to Repair Act ("RORA"), Cal. Civil Code §895, et seq. brought by Named Plaintiffs against Uponor as the only class-wide cause of action and individually against Builders (the factual allegations for the imposition of liability under RORA are distinct for Uponor and Builders); (2) negligence, brought by Plaintiffs individually against all

---

[1] On November 6, 2015, Builders filed an answer to the SAC.

1  Defendants; and (3) strict liability, brought by Plaintiffs individually against Uponor
2  only.
3      In broad brush, Plaintiffs allege that the PEX piping designed and manufactured
4  by Uponor is defective, prematurely deteriorates, and fails, causing extensive water
5  leaks and concomitant damage. This allegation is at the heart of the class-wide RORA
6  claim and Plaintiffs' individual claims for negligence and strict liability.
7      Plaintiffs' individual claims against Builders for violation of RORA and
8  negligence arise from allegations that the residences suffer from numerous construction
9  defects. (SAC ¶58). Plaintiffs allege that the residences suffer from, among other
10 things, stress cracks resulting in water intrusion; splitting and deterioration of exterior
11 door frames resulting in water intrusion; fogging of window panes resulting in water
12 intrusion; mold damage on stucco and drywall; cracking of stucco resulting in water
13 intrusion; and defective PEX piping resulting in water intrusion and damage.

## DISCUSSION

**Legal Standards**

16    Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in
17 "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir.
18 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a
19 "cognizable legal theory" or sufficient facts to support a cognizable legal theory.
20 Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should
21 dismiss a complaint for failure to state a claim when the factual allegations are
22 insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp.
23 v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly
24 suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009)
25 (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the
26 mere possibility of misconduct). "The plausibility standard is not akin to a 'probability
27 requirement,' but it asks for more than a sheer possibility that a defendant has acted
28 unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action,

1. supported by mere conclusory statements, do not suffice." Id.  The defect must appear on the face of the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion to Dismiss**

**The RORA Claim**

Uponor moves to dismiss the RORA claim on grounds that (1) the action is barred by RORA's four year statute of limitations; (2) Plaintiffs failed to comply with the pre-litigation requirements of RORA; and (3) RORA does not permit class actions. Each is discussed in turn.

Plaintiffs allege that Uponor violated Civil Code §§896(a)(14), (15), and (e) of RORA. (SAC ¶58(j)).  These sections provide that, in the original construction of individual dwellings, the "plumbing system . . . shall not leak," §896(a)(14), the plumbing lines shall not "corrode so as to impede the useful life of the system," §896(a)(15), and the plumbing systems shall be "installed properly" and not "materially impair the use of the structure by its inhabitants."  §896(e).  Within §896(e) itself, the statute provides that no action may be brought more than four years after the close of escrow."  §896(e).

Uponor comes forward with documents, obtained from official, publically

available records to show that each Plaintiff purchased their residences more than four years prior to the December 22, 2014 filing date of the present action.[2] Based upon the this evidentiary showing and RORA's specific four-year limitation period for plumbing system issues contained in §896(e), the court concludes that Plaintiffs cannot state a claim because the RORA §896(e) claim is time-barred. The claims under §896(e) are dismissed as time-barred.

Defendants also seek to dismiss the §§896(a)(14) and (15) claims as time-barred. Uponor contends that the four-year statute of limitations of §896(e) applies to bar these claims. The court concludes that the ten-year statute of limitations of §941(a) applies to claims under §§896(a)(14) and (15). Section §941(a) provides:

> Except as specifically set forth in this title, no action may be brought to recover under this title more than 10 years after substantial completion of the improvement but not later than the date of recordation of a valid notice of completion.

This section provides a ten-year statute of limitations unless otherwise specified in RORA. Because §§896(a)(14) and (15) do not contain a specific statute of limitations like §896(e), the ten- year limitation period applies. Section §896(e), in contrast, specifically contains a four-year statute of limitations. Construing the complaint in the best light for Plaintiffs, the court concludes that Plaintiffs' §896(e) claims are time-barred but their §§896(a)(14) and (15) claims are not.[3]

Next, Uponor contends that Plaintiffs have failed to comply with the pre-litigation requirements of RORA. Section 910 requires that a claimant must provide

---

[2]Pursuant to FRE 201(f), the court takes judicial notice of the grant deeds submitted by Uponor.

[3] The court notes that there is some overlap between the plumbing issues identified in §896(e) and §§896(a)(14) and (15). Section §896(e) provides that plumbing systems "shall be installed to operate properly and shall not materially impair the use of the structure by its inhabitants." In contrast, §§896(a)(14) and (15) require that plumbing lines not leak or corrode. While the four year statute of limitations targets the installation of plumbing systems (§896(e)), §§896(a)(14) and (15) require that the plumbing lines not leak or corrode, even if properly installed, for a period of ten years.

written notice via certified mail to the "builder." The term "builder means:

> any entity or individual, including but limited to a builder, developer, general contractor, contractor, or original seller . . . who, at the time of sale, was also in the business of selling residential units to the public for the property that is the subject of the homeowner's claim or was in the business of building, developing, or constructing residential units for public purchase for the property that is the subject of the homeowner's claim.

§911(a). Uponor asserts that Plaintiffs allege that they provided pre-litigation notice to Uponor. (SAC ¶16). Uponor denies that it ever received written notice of any claim from Plaintiffs.

The court concludes that Uponor is not a "builder" for purposes of RORA and, therefore, not subject to RORA's pre-litigation notice requirements. A "builder" is defined as a builder, contractor or other entity that is also in the business of selling residential units to the public. Uponor supplied plumbing lines to the properties, and did not act as a contractor nor is it in the business of selling residential real estate. As Uponor is not a builder for purposes of §910, Plaintiffs need not comply with the pre-litigation requirements.

Finally, Uponor contends that §931 prevents Plaintiffs from pursuing a RORA claim as a class action. Section 931 identifies causes of action or damages exceeding the scope of RORA. Civil Code § 931 states:

> If a claim combines causes of action or damages not covered by this part [i.e., "Real or Immovable Property"], including, without limitation, personal injuries, class actions, other statutory remedies, or fraud-based claims, the claimed unmet standards shall be administered according to this part, although evidence of the property in its unrepaired condition may be introduced to support the respective elements of any such cause of action. As to any fraud-based claim, if the fact that the property has been repaired under this chapter is deemed admissible, the trier of fact shall be informed that the repair was not voluntarily accepted by the homeowner. As to any class action claims that address solely the incorporation of a defective component into a residence, the named and unnamed class members need not comply with this chapter [i.e., the chapter on prelitigation procedures].

In large part, Uponor urges the court to follow the reasoning in Greystone Homes, Inc. v. Midtec, Inc., 168 Cal.App.4th 1194 (2008) and Kingsbury v. U.S.

1 Greenfiber, LLC, No. CV-08-00151 AHM(JTLx), 2009 WL 2997389 (C. D. Cal. 2009).[4]  In Greystone, the plaintiff homebuilder brought an action against a manufacturer of plumbing fittings for negligence and equitable indemnity under RORA.  The manufacturer argued that RORA did not apply to plaintiff's claims because §896(g)(3)(E) provides: "This title does not apply in any action seeking recovery solely for a defect in a manufactured product located within or adjacent to a structure."  The California court rejected the manufacturer's argument that §896(g)(3)(E) excluded all product liability claims from RORA.  The California court concluded that §896(g)(3)(E) "is intended to bar actions in which the claimant seeks to recover for a defect in a product that *does not* violate one of the standards set forth in section 896."  Id. at 1222.

Applying the Greystone reasoning to §931, the court concludes that RORA claims may not be bought as class claims but non-RORA claims may be brought as class claims.  The first sentence of §931 provides that class actions are excluded from the scope of RORA while the last sentence of §931 indicates that class actions "address[ing] solely the incorporation of a defective component into a residence" need not comply with the prelitigation procedures.

The court notes that RORA does not define "component," nor has any California state court addressed this precise issue of state law, and the last sentence of §931 appears to contradict the first sentence of §931 that excludes class action claims from the scope of RORA.  This apparent contradiction in §931 is harmonized when the last sentence §931 is interpreted to mean, consistent with the reasoning in Greystone, that any claim based on a defect other than those listed in §896, is excluded from the scope of RORA.  See Greystone, 168 Cal.App. at 1221-23.  This is another way of saying that

---

[4] Notably, the court in Kingsbury did not determine whether plaintiffs were able to bring RORA class claims.

non-RORA claims may be brought as class actions, but RORA claims may not.[5] Further support for the proposition that RORA does not permit class actions is found in Miller and Starr California Real Estate 3d §29.2 (2009):

> "[RORA] excludes certain types of claims from its scope and from the pre-litigation procedure. The pre-litigation procedures and SB800 do not apply to claims for fraud, personal injury, class actions or other statutory remedies."

Harry D. Miller & Marvin D. Starr, Miller and Star California Real Estate 3d §29.2 (2009). The court grants the motion to dismiss the class action RORA claim.

In sum, the court denies the motion to dismiss Plaintiffs' individual RORA claims but grants the motion to dismiss the class action RORA claim.

**The Negligence and Strict Liability Claims**

Plaintiffs do not oppose the dismissal of these claims. Accordingly, the court grants the motion to dismiss these claims.

**The Motion to Strike**

Uponor moves to strike the class action allegations on grounds that the class action allegations are overbroad and fail to identify an ascertainable claim. The court notes that motions to strike are disfavored motions and infrequently granted. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cie. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Accordingly, the court denies the motion to strike and notes that challenges to class certification issues are better addressed in context of a motion for class certification.

---

[5] The court notes that the district court in Kingsbury, applying the rationale of Greystone, reached a similar result in interpreting §931:

> Under the above reading of §931, any claim based on a defect other than those listed in §896 standard is exempt from the prelitigation procedure [of RORA]. This universe of exempt claims is larger than those exempted altogether from RORA; the latter group includes defect claims that are both based on something other than §896 *and* related to manufactured products.

Kingsbury, 2009 WL 2997389 at *6.

**Subject Matter Jurisdiction**

In light of dismissal of the RORA class claim, the only basis for the exercise of diversity jurisdiction under CAFA, 28 U.S.C. §1332(d), the court sua sponte remands the action to state court. See Maniar v. FDIC, 979 F.2d 782, 785 (9th Cir. 1992) (the court may sua sponte remand an action to state court). Federal question removal jurisdiction is determined from the face of the complaint as it existed at the time of removal. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979); Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (whether a claim arises under federal law is determined by the "well-pleaded complaint rule"). Defendants, as the parties who invoke federal removal jurisdiction, have the burden of demonstrating the existence of federal jurisdiction. See Serrano v. 1809 Connect, Inc., 478 F.3d 1018, 1021 (9th Cir. 2007). Any doubts regarding removal jurisdiction are construed against Defendants and in favor of remanding the case to state court. Id. As a consequence of Uponor prevailing on its argument that RORA does not permit class action claims for violation of the standards contained therein, CAFA jurisdiction did not exist at the time of removal. The court, therefore, lacks subject matter jurisdiction over the action and remands the case to state court.

In sum, the court grants the motion to dismiss that portion of the RORA claim alleging a violation of §896(e) as time-barred, denies the motion to dismiss the individual RORA claims arising under §§896(a)(14) and (15), grants the motion to dismiss the RORA class claim, denies the motion to strike, and remands the action to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: January 26, 2016

Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties